**SUSMAN, Plaintiff-Appellant, v. CLEVELAND (City) et,
Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24833.   Decided November 5, 1959.

Wyner & Wyner, for plaintiff-appellant.
Ralph S. Locher, Director of Law, Irving L. Silbert, Asst. Director of Law, for defendant-appellee.

## OPINION

By SKEEL, J:

This appeal on questions of law comes to this court from a judgment entered for the defendant. The judgment was entered by the Court of Common Pleas on an appeal from an order of the Zoning Board of Appeals of the City of Cleveland denying plaintiff's application for permission to use her property known as 2963-95 East 55th Street in Cleveland for wrecking and dismantling motor vehicles. The question here has been presented to the Board by this and previous owners on three previous occasions, in all of which, ·including this, the fourth application, the request for a variance has been denied.

In this case, the order of the Zoning Board of Appeals was entered denying the application after a full hearing. The application was filed on December 16, 1957, which was as follows:

"The Division of Building and·Housing of the City of Cleveland has served notice upon the above applicant that applicant is alleged to be in violation of the zoning ordinance in the operation of a yard for the wrecking and dismantling of motor vehicles at the above address. Applicant contends that she is not in violation of the zoning ordinance because the above premises are operated as a continuation of a nonconforming use. Further, because of the practical difficulty or unnecessary hardship involved, that the refusal of the variance appealed for will deprive the owner of substantial property rights and the granting of the variance appealed for will not be contrary to the purpose and intent of the provisions of the zoning law."

The journal entry of the Board, dated February 3, 1958, refusing the application, is as follows:

"Refused. The adverse decision in Calendar No. 43-22 sustained and action is referred to the Law Department."

Upon appeal to the Court of Common Pleas of Cuyahoga County, the court permitted additional evidence to be introduced upon the authority of **Chapter 2506 R. C.** The court correctly permitted this additional evidence because an examination of the transcript of the Board of Zoning Appeals shows that a complete record of evidence before the Board is not contained therein.

From the judgment for the defendant entered by the court which included its findings of fact and law, the plaintiff on this appeal presents the following claims of error:

"1. In that the Court failed to find that Appellant obtained a right of non-conforming use from the previous owners of the premises.

"2. In affirming the finding of the Board of Zoning Appeals, dated February 3, 1958.

"3. In finding that the Appellant, in the operation of a yard for the wrecking and dismantling of autos did not do so under a non-con-

forming use available to Appellant, as successors to the former owners of the property.

"4. In that Appellant was deprived of property without due process of law, in conflict with Section I, Article XIV, of the United States Constitution, and **Section 16, Ohio Constitution,** by reason of the failure of the Court to find that Appellant operated its property under a nonconforming use available to it.

"5. In that the finding of the Zoning Board and of the Court was unconstitutional, illegal, arbitrary, capricious, unreasonable, and unsupported by the preponderance of substantial, reliable and probative evidence on the whole record and constituted an unreasonable exercise of discretion by the Zoning Board of Appeals and the Common Pleas Court.

"6. In failing to find Section 5.1133 of the Ordinances of the City of Cleveland to be in conflict with Section 1, Article XIV of the United States Constitution and **Section 16, Ohio Constitution,** in that it deprived Appellant of property without due process of law.

"7. In taking judicial notice of matters not properly within the knowledge of the Court.

"8. In excluding evidence offered by Appellant, which was competent, relevant, or germane in connection with this appeal.

"9. In that the Separate Findings of Fact and Conclusions of Law, and the opinion and findings and judgment of the Court are contrary to the law and the evidence.

"10. Other errors manifest from the face of the record."

On November 5, 1929, the City of Cleveland by its legislative authority, passed a comprehensive zoning ordinance. At that time the plaintiff's property, known as 2963-2995 East 55th Street was zoned for semi-industrial use and such use provisions have never been materially changed to this day. The property abutting the rear of plaintiff's property, facing east and west on East 57th Street, and for a considerable distance to the east, is zoned "residential" and both single and two family homes have been built and have been maintained in good order for many years. This was and is a residential area completely developed before the plaintiff began to use her property for dismantling and wrecking automobiles in violation of the zoning ordinance.

When the zoning ordinance was passed in 1929, the property now occupied by the plaintiff was used for the storage and sale of used building materials. Such use continued until 1935 when the plaintiff began to use the southern part of the property and then in 1937 or 1938 to use all of the property for the business of dismantling and wrecking motor vehicles, selling usable parts and disposing of the remaining parts as scrap iron. Admittedly the Zoning Board of Appeals has never issued a use certificate for such use as is required by the zoning ordinances of the city, and as above indicated, the Board, as on three separate occasions prior to the filing of this application, refused to grant an application seeking a variance for such use.

Section 5.1115 of the Zoning Ordinances of the City of Cleveland, in part, provides:

"Storage in bulk of, or warehouse for, such materials as building materials, contractors' equipment * * * provided further that there shall be no storage of salvaged lumber or other used building material, junk, paper, glass, rags, rubber, unclean or unrepaired containers, or other discarded or salvaged articles or materials either in buildings or on premises, and no wrecking or dismantling of motor vehicles, unless such storage, wrecking or dismantling is carried on entirely within a completely enclosed masonry building."

From the provisions of this ordinance, there is no possibility of doubt but that the plaintiff's present use of the property is in direct violation of the zoning regulations of the city as applied to this property, and that such use did not begin as to the southerly part of the property until 1935, and as to all of the property until 1937 or 1938. The plaintiff's claim that such use is a continuing non-conforming use is not supported by the record. Dismantling and wrecking automobiles and conducting the sale of second-hand parts and scrap metal is a wholly different use than that of conducting a storage yard for and the sale of second-hand building materials. We find that the ruling of the Zoning Board of Appeals, which ruling was affirmed by the Common Pleas Court on appeal, against the plaintiff's claim that she was exercising the right to conduct and continue her business as a non-conforming use existing when the zoning ordinance was passed, is not supported by the record, and must be affirmed.

The plaintiff also claims that the refusal of the Zoning Board of Appeals to grant a variance deprived her of her constitutional rights in the use of her property under all of the surrounding circumstances and that in doing so, the Board abused its discretion by ruling against her application.

The plaintiff cites the case of **Mentor Lagoons, Inc. v. Zoning Board of Appeals of Mentor Township, 168 Oh St 113, 151 N. E. 2d 533,** in support of her claim that on appeal in seeking a reversal of the Board's order denying a variance, the record need only show that the board's order represented an unreasonable exercise of its discretion and not that its order constituted an abuse of its discretion. It should be noticed that the plaintiff's assignment of error on this claim is based on an abuse of discretion, but we will proceed in this appeal on the basis of the law in the Mentor Lagoons case.

The facts in the case now before us are quite different from those of the case cited. In that case, the application for a variance by the Mentor Lagoons, Inc., a non-profit corporation, was to permit the establishing of a recreational facility for polo and trap and skeet shooting on a tract of land 800 feet by 1800 feet said to be located in a wide open rural area, far removed from the residences of others, but on property zoned "residential." The application requested the right to build stables and other necessary buildings in connection with such recreational facility. The basis of the Board's refusal of the requested variance in the Lagoon case was the danger to be encountered from the use of firearms and "the noxious odors" of (stables) maintaining horses on the premises. The Supreme Court affirmed the refusal to

permit skeet and trap-shooting as dangerous to health and safety but reversed the refusal to permit the construction of recreational facilities for a polo field and the building of stables and other buildings necessary and incident to such use as an unreasonable exercise of the board's discretion. It should be noted that in coming to this result, the Supreme Court, referring to §519.21 R. C., stated: "it is specifically stated that the statutes authorizing township zoning 'confer no power * * * to prohibit the use of any land for agricultural purposes.'"

In §519.01 R. C., it is stated that "'agriculture' includes * * * animal * * * husbandry."

In the case here being considered, the business involved is one which has been restrained in the location and manner of its use in the interest of the public health and safety since the zoning ordinance of 1929 was passed. Such business has been prohibited in semi-industrial districts except when conducted within an entirely enclosed masonry building. This business is far different than that of establishing a polo field in the country.

One other fact must also be noted and that is the use of the surrounding property under the rules provided by zoning restrictions. The property across from the plaintiff's property on the west side of East 55th Street for some considerable distance north and south is zoned for industrial use. The businesses located there, to mention but a few, are the Erie Railroad roundhouse, Kroger's Warehouse terminal, two metal scrap yards, and businesses of like character. In contrast, on the property abutting the east line or rear of plaintiff's property and from there for a considerable distance east to a gully, the zoning regulations are for residence purposes and such neighborhood has been developed as zoned (with the exception of a few retail stores) with single and two-family homes, the greater number of which were there before the plaintiff occupied the land here in question. The first street to the east of plaintiff's property upon which these residences are located, commencing at the east line of plaintiff's property, is East 57th Street.

In determining whether the application of the plaintiff should be granted and whether, if it be granted, the use of the variance will disturb or be seriously detrimental to the public health and safety of the plaintiff's closest neighbors, who were there before the present use of plaintiff's property (in violation of the zoning ordinance—residential—) was begun, consideration must be given to all of the surrounding interests. The uses of the property to the west as well as to the east must guide the Zoning Board of Appeals to its conclusion in the exercise of its sound judgment. The plaintiff is not to be granted any advantage because of the failure of the city to enforce the provisions of its zoning ordinance, thereby permitting a continued violation since 1935.

We find that the judgment of the Court of Common Pleas, affirming the ruling and judgment of the Zoning Board of Appeals denying plaintiff's application for a variance in the use of her property, which ruling of necessity concludes that the Board did not abuse its discretion in denying the application, nor was such ruling an unreasonable use of its discretion as based on the evidence presented should be affirmed. We

also find no evidence in the record that even suggests a violation of plaintiff's constitutional rights in the use of her property.

We also find that there is no substance to the claims of error on the admission or rejection of evidence or in each error claimed by the plaintiff that the court took judicial notice of matters not properly within the notice of the court.

For the foregoing reasons and from a careful examination of the record presented on this appeal, we find that substantial justice has been done the plaintiff. The judgment of the Court of Common. Pleas is affirmed.

HURD, PJ, KOVACHY, J, concur.