STEWART, INSPECTOR, APPELLEE, *v.* PEDIGO ET AL., APPELLANTS.

(No. 5555—Decided April 14, 1965.)

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellee.

*Messrs. Hershey, Browne, Wilson, Steel & Wolfe,* for appellants.

HUNSICKER, P. J.   An appeal on questions of law and fact brings this case before us.

A series of claimed violations of zoning regulations is said to be taking place on lands owned by Martin VanBuren Pedigo and Myrtle E. Pedigo, two of the several appellants herein. Violations of the zoning regulations are also claimed against tenants of the owners, *i. e.*, Richfield Motors, Inc., and D. J. Cass, doing business as Richfield Garage and Service.

Specifically, the appellee, John F. Stewart, as Zoning Inpector for Richfield Township, seeks an injunction against the appellants, alleging that they:

"* * * jointly, severally, or alternatively or in various combinations which are unknown to plaintiff, have made, created or caused and/or suffered to exist, although having the power to correct, the following described uses: the storing, locating and keeping of discarded motor vehicles, parts of trucks and automobiles and trailers, and used building materials, items, and junk about the outside of the premises; the keeping, storing, and selling of merchandise and inventory outside of and about the exterior of the premises; the storing, keeping and selling from areas required to be devoted to off-street parking of automobiles and inventory; the occupancy and use of the premises by the defendant, Richfield Motors, Inc., without applying for or obtaining a certificate of occupancy as required by the Zoning Resolution; and the general conducting of business outside of the buildings on the premises; all being contrary to the provisions of the Richfield Township Zoning Resolution."

As so frequently occurs in the trial of "zoning" cases, the testimony is lengthy; in great conflict; and, in some measure, indefinite. After examining the transcript of testimony, and exhibits (and, in large part, repeatedly reading portions of the testimony), we are convinced that violations do exist on the lands in question.   Discarded motor vehicles and parts of motor vehicles, abandoned materials, cans, pipes, and various

other items, which must be referred to as "junk," litter portions of these lands, all of which constitute a violation of the zoning regulations. None of such abandoned or discarded material, except the snowplow, can be claimed to be justified as a nonconforming use of the lands. With the removal of this material, there will be more than sufficient parking space to meet the zoning requirements.

We do not find from the evidence (except as we hereinafter set out) any such continuity or relationship between Manquilla (the former owner of the Route 303 property) and Pedigo, as would permit the displaying and selling of merchandise on and about the exterior of those premises.

The chief problem concerns the use of the premises outside of the building now located on the Route 176 property, up to the lot line, for the display thereon of new and used motor vehicles.

Mr. Pedigo conducted a business of selling garden tractors and lawn mowers, including power lawn mowers, from the house that formerly occupied a part of the Route 176 property. These articles were displayed outside this house, and, since the house set in such a way they could not be displayed near it, they were displayed on a level part of the front yard nearer the road. These articles were "seasonal," it is true, but, nevertheless, there was a continuous display of them until a change in the situation occurred by reason of the removal of the house and the erection of a building for the use of the several businesses. The display of garden tractors and lawn mowers continued until the automobile agency began its display of vehicles.

The evidence as to the extent of prior use of the yard is in conflict.

Richfield Township Zoning Resolution, Article 52, "Non-Conforming Uses," Section 200, reads:

"Whenever the use of any dwelling, building or structure and any land or premises becomes nonconforming through an amendment of this resolution, such use may continue and if no structural alterations are made, it may be changed to another nonconforming use of the same or a more restricted classification."

This section was a part of the original zoning resolution, and has been carried through each amendment.

In the case of *Susman* v. *City of Cleveland,* 111 Ohio App. 18, at p. 22, the court, through Skeel, J., with reference to a change of use, said:

"* * * Dismantling and wrecking automobiles and conducting the sale of second-hand parts and scrap metal is a wholly different use than that of conducting a storage yard for and the sale of second-hand building materials * * *."

In the case of *Steudel* v. *Troberg,* 76 Ohio App. 136, Judge Doyle, of this court, in construing a zoning ordinance that permitted a continuation of nonconforming uses, found that a change from a restaurant business to a boat livery business was not an unlawful change under the terms of that ordinance. See, also, *McVey* v. *Reichley,* 105 Ohio App. 319.

In the instant case, the "use" district is commercial, and not residential.

There is no evidence before us that the display of motor vehicles in this location creates a traffic or fire hazard, or that it is offensive in any way by reason of noise, smoke, or other matter.

While we must concede that the purpose and policy of zoning is to effect the gradual elimination of nonconforming uses; nevertheless, the construction of a zoning resolution should not be such as to prohibit all changes of nonconforming use. *Davis* v. *Miller,* 163 Ohio St. 91.

In the instant case, there is no evidence of a substantial change, except as to the size of the units involved, since the change is one from the display of motor-driven garden and lawn tools to that of motor-driven vehicles for transportation.

A collation of cases concerning the propriety of making a change from one nonconforming use to another may be found in 87 A. L. R. 2d 4 *et seq.* After an examination of many of the cases there cited, no definite rule can be stated.

In these cases, attention is given to the nature of the "use" district, and the change sought to be made where the change of use is in nature and kind. Generally, in a district zoned for residence use, a denial of change is upheld. Here we have a commercial district with no substantial change in the nonconforming use.

We, therefore, determine that it is not a violation of the

Richfield Township Zoning Resolution to display motor vehicles for sale in front of the building facing Route 176, as was being done at the time this action was instituted.

As to the other complaints; we determine as did the trial court in its judgment in the matter.

A decree may be entered as herein indicated. The cause is remanded to the trial court for any enforcement of the decree so entered.

*Judgment reversed in part and affirmed in part.*

Doyle and Brenneman, JJ., concur.