McVey, Appellant, *v.* Reichley, Appellee.

(No. 578—Decided November 27, 1957.)

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. Gordon H. Savage,* for appellant.

*Messrs. Miller & Finney,* for appellee.

WISEMAN, J. This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Greene County dismissing plaintiff's action for injunction and granting relief to the defendant in the nature of a declaratory judgment on his cross-petition.

By stipulation of counsel the record of the proceedings in the trial court was submitted as evidence in this court, with the reservation that either party may present additional pertinent evidence. Additional evidence was presented by the plaintiff before a special master commissioner, which was transcribed and filed. Counsel failed to adhere to the provisions of Section 2505.21, Revised Code, respecting the taking of additional evidence on appeals on questions of law and fact, in that no application was filed and no finding made that it would be in the interest of justice. Inasmuch as no question has been raised by the defendant, the court will disregard this omission.

Upon request of counsel, the three judges of this court viewed the premises on the day oral argument was presented.

In this court the plaintiff was granted leave to amend her petition at bar by adding an allegation to the effect that by reason of the acts of the defendant "she has suffered and is suffering irreparable injury for which she has no adequate remedy at law."

In her petition plaintiff prayed that the defendant be enjoined from operating his insurance agency at the rear of his residence, which she claimed was in violation of the zoning ordinance of the city of Xenia. After the defendant moved for an order requiring the plaintiff to separately state and number her causes of action, counsel for the parties entered into a stipulation confining the plaintiff's petition to one cause of action, to wit, whether the defendant had violated the zoning ordinances. By reason of this stipulation, the question of nuisance was eliminated. The matter is presented in this court on the basis of this stipulation.

The plaintiff grounds her action on the provisions of Section 713.13, Revised Code, which reads as follows:

"No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation enacted pursuant to Sections 713.06 to 713.12, inclusive, of the Revised Code, or Section 3 of Article XVIII, Ohio Constitution. In the event of any such violation, or imminent threat thereof, the municipal corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation."

It will be noted that this section gives the owner of property the right to maintain an action for injunctive relief only if it is shown that such owner "would be especially damaged by such violation." If the plaintiff fails to show special damage, injunctive relief should be denied. See *Connelly* v. *Morris,* 69 Ohio Law Abs., 395, 125 N. E. (2d), 765. The question of nuisance being eliminated by stipulation, cases involving nuisances are not applicable. The plaintiff relies on the case of *Pritz* v. *Messer,* 112 Ohio St., 628, 149 N. E., 30, which held in the third paragraph of the syllabus that:

"A property owner, residing in a municipality in which a valid zoning ordinance is in full force and effect, has legal capacity to apply for an injunction against the erection of an apartment building upon a lot contiguous to her real property, upon the ground that the proposed structure will violate the zoning ordinance."

Plaintiff makes the point that in the cited case the court announced a principle of law which would permit granting injunctive relief irrespective of a showing of special damage. Apparently, the precise question presented here was not specifically determined by that court. However, the court rested its opinion on the case of *Holzbauer* v. *Ritter,* 184 Wis., 35, 198 N. W., 852. The author of the opinion quotes from the headnotes to the *Holzbauer case* as follows:

" 'Where erection of a storebuilding in violation of a zoning ordinance might cause *special damage to property of plaintiffs not suffered by general public,* they could sue to enjoin

such erection in order to prevent irreparable injury.' " (Emphasis ours.)

Regardless of the interpretation which may be placed upon the holding of our Supreme Court in *Pritz* v. *Messer, supra,* it is important to note that the decision in that case was written in 1925, before the enactment of Section 4366-12*a*, General Code, the predecessor of Section 713.13, Revised Code, which became effective September 11, 1951. In 124 Ohio Laws, 555, it is stated that the purpose of the act was "to create the equitable remedy of injunction in cases of violation of * * * zoning ordinances * * *." In our opinion the expressed provisions of the statute require a showing of special damage. See 129 A. L. R., 885, where the rule to which we adhere is stated to be the rule in most jurisdictions.

We do not deem it necessary to set forth in detail the numerous ordinances involved, and to do so would extend this opinion to an unreasonable length. In the lower court, upon request of the plaintiff, the trial judge separately stated in writing his findings of fact and conclusions of law. In anticipation of a similar request in this court, we now separately state our findings of fact and conclusions of law. We follow generally the findings and conclusions of the trial court, with certain modifications.

On the facts we find as follows:

1. That the plaintiff, Jane K. McVey, owns property and resides at 935 North Detroit Street, Xenia, Ohio, and the defendant, Pearl A. Reichley, owns the undivided one-half interest in and resides at 937 North Detroit Street, Xenia, Ohio; that the two properties join and abut; that defendant is engaged in the business of writing policies of insurance under the name of "Reichley Insurance Agency" and maintains his offices and records in a room in a building on the rear of his premises; and that said premises are situated in what is designated as an R-2 residence district as defined by the Xenia Zoning Ordinance, No. 981.

2. In the rear of these lots is a railroad right-of-way over which trains are operated; across the street from these lots is a trailer camp, consisting of some 40 to 60 trailer units; and both lots face upon Detroit Street which is a heavily travelled main

thoroughfare, being a part of the interstate highway system and known as U. S. Route No. 68.

3. That defendant acquired ownership of his insurance agency by purchase from one Clouse on October 1, 1951, at which time and for many years prior thereto the agency had been operated by Clouse from his residence at 923 North Detroit Street, a few doors south of the premises owned by the plaintiff and the defendant; that after purchasing the agency, the defendant contacted the Xenia Planning Commission and the Zoning Board of Appeals, the same board constituting both capacities at that time, requesting an interpretation of the Xenia Zoning Ordinance as it applied to the removal of the operations of the insurance agency from the Clouse residence to the room in the building situated on the rear of the lot; that, in July 1952, either the planning commission or the board of appeals or both notified the defendant that he could move the insurance agency from the Clouse residence to the room in the rear of his lot and continue its operation from that place; that in the month of August 1952, the defendant moved his agency and has continued to operate the agency from said location; and that the plaintiff acquired title to her property at 935 North Detroit Street in September 1952, and thereafter went into the possession of the premises and has resided therein continuously.

4. That there is a driveway between the houses of the parties, on the defendant's lot, running from the street eastwardly to a garage at the rear of the lot, and there is a turnabout or parking area between the rear of defendant's house and the entrance to the garage; that this driveway is within a few feet of each of the houses of the parties; that the driveway and turnabout area originally was gravelled, but that it was improved by defendant placing a blacktop or asphalt surface thereon; that the building in the rear of defendant's lot has at all times had a light erected on it to light up the rear yard of defendant's property; that in the summer and fall of 1955 the defendant remodeled the dwelling house and erected two lights on the rear of the remodeled house, also to light the rear portion of defendant's premises; that at the time the house was remodeled, the defendant changed the external surface of the building on the rear of the premises from frame to stone and changed a double

door entrance to the garage into a single door with a window replacing the door, but did not otherwise change any of the construction of the building on the rear of the premises; and that the rear of the defendant's premises was lighted at various times in the evening, and on several occasions the lights were left on all night during the time the remodeling was being done to the residence.

5. That the cars going in and out of the defendant's drive, the light on the defendant's garage and the rear of his house, the people standing and talking on the defendant's premises, the occasional instances of persons dressed peculiarly and seen on defendant's premises, the eyes of guests of the defendant observing plaintiff and plaintiff's guests in a prying manner, and noises and disturbances created by the defendant and his guests disturbing plaintiff's slumbers, are all the normal and usual incidents of the ownership and occupation of residential property in this type of neighborhood by a family of the character of the defendant's family which consists of a husband, wife and two teenage children; that there was no loss in value to the premises of the plaintiff resulting from the activities on the defendant's premises; and that the plaintiff was disturbed and displeased most by the social activities of the defendant's family, especially the going and coming of automobiles driven by the teenage group and two social events of the defendant's, one of which caused the plaintiff to express her displeasure to the defendant and the other to cause her to call the police.

6. That the plaintiff was not willfully malicious in bringing this action against the defendant.

7. That Section 953.01 ("R-2" Residence Uses) and related sections of the Xenia Revised Ordinances (Ordinance No. 981) was in effect at all times referred to in this action and governed the use of the defendant's premises; that that section permitted all uses permissible in R-1 residence districts as governed by Sections 951.01 and 951.03; that the section controlling R-1 residential uses permits "accessory uses customarily incidental to a permitted principal use on the same lot therewith, including: * * * (d) customary incidental home occupations when conducted within the dwelling"; that Section 931.03 defines accessory use or structure as follows: "Accessory use or structure shall

mean a use or a structure subordinate to the principal use or building on a lot and serving a purpose customarily incidental thereto''; and that Section 935.08 permits the substitution of one nonconforming use for another, if the nonconforming use existed at the time of the passage of the ordinance; that Section 935.06 confers on the Board of Appeals the power to hear and decide requests or applications for special exceptions or for interpretation of the zoning map or for decisions upon other special questions upon which the board is authorized to act.

8. That the structure on the rear of the defendant's premises was originally constructed to serve the dual purpose of a garage and a room for business operations; that the garage portion constituted the southerly part of the building and was completely separated from a room constituting the northerly part of the building, which was separated from the garage by a solid wall; that the northerly room had an outside entrance and windows and was originally constructed to house commercial operations of the original owner and was so used for such purposes prior to the time the defendant purchased the premises; and that such commercial or business use of the north room attached prior to the enactment of the ordinance in question, effective August 27, 1950.

On the law applicable to the facts, we conclude as follows:

a. Plaintiff has failed to establish special damages as required by Section 713.13, Revised Code.

b. The approval of either the Planning Commission or the Board of Appeals or both granted to the defendant to operate his insurance agency from the room in the structure on the rear of his lot constituted a legal substitution of one nonconforming use for another pre-existing nonconforming use as provided in Sections 935.08 and 931.14, effective August 27, 1950.

c. Authority is conferred on the Board of Appeals by Section 935.06 to give interpretation of the ordinance which did not require notice and a public hearing before passing on a request for interpretation or the substitution of one nonconforming use for another. The discretion of the board will not be disturbed in the absence of an abuse of discretion. See *McCloud* v. *Woodmansee, Bldg. Commr.*, 165 Ohio St., 271, 135 N. E. (2d), 316.

d. Either the Planning Commission or the Board of Ap-

peals or both having determined that the defendant was privileged to operate his insurance agency from the structure in the rear of his premises, this court finds no lawful justification to change such finding, there being no evidence of any abuse of discretion on the part of the Planning Commission or Board of Appeals.

e. In the absence of a finding of express malice on the part of the plaintiff, the court is legally without authority to grant the prayer of the defendant in his cross-petition for expenses incurred in this action.

f. The defendant has conducted a business in conformity with the ordinances of the city of Xenia and may continue to so operate his agency for such period of time and in such manner as may conform to the provisions of the ordinances.

The foregoing findings of fact and conclusions of law completely determine the issues in this case, but for the benefit of counsel the court will comment briefly on two aspects of this case which were fully discussed in briefs of counsel. Under the facts in this case we can not find that the use of the structure located in the rear of defendant's dwelling as an insurance office serves a "purpose customarily incidental" to the principal building on the lot, to wit, the dwelling, as provided in Section 931.03. Neither is the insurance business conducted as a customary incidental home occupation "within the dwelling," as provided in Section 951.03.

In our opinion the plaintiff has not shown that she is entitled to the injunctive relief prayed for.

*Judgment for defendant.*

HORNBECK, P. J., and CRAWFORD, J., concur.