THE STATE, EX REL. SPICCIA, APPELLEE, *v.* ABATE, BLDG. COMMR., ET AL., APPELLANTS.

(No. 38727—Decided May 5, 1965.)

*Mr. Sanford W. Likover,* for appellee.
*Mr. William H. Stein,* director of law, and *Mr. Charles E. Merchant,* for appellants.

BROWN, J. What constitutes a "restaurant" or a "drive-in restaurant" is not otherwise defined in the zoning ordinance, hence whether the proposed use constitutes one or the other

was determined by considering the common and ordinary meaning of those terms. This was proper. Since the ordinance is a police regulation and imposes restrictions upon the use of property, the language defining a permitted use is required to be liberally construed in favor of permitting the use proposed by the property owner.

"Statutes or ordinances * * * which impose restrictions upon the use * * * of private property, will be strictly construed and their scope cannot be extended to include limitations not therein clearly prescribed." *State, ex rel. Moore Oil Co.,* v. *Dauben, Bldg. Inspr.,* 99 Ohio St. 406. See, also, *State, ex rel. Ice & Fuel Co.,* v. *Kreuzweiser, Inspr. of Bldgs.,* 120 Ohio St. 352.

The proposed use of this property is for a Dairy Queen type restaurant in which, in addition to the usual products, sandwiches and french fries are to be prepared and sold, where all services to the purchasers are to take place inside the building, and where it is contemplated that much of the food will be eaten at tables provided for that purpose. This operation was properly held to be permitted by the ordinance, in spite of the fact that it is also contemplated that much of the food may be carried to the parked cars and there eaten or carried out and eaten entirely off the premises. This is particularly true when we consider the rule of construction applicable to the zoning ordinances.

The appellants' argument that the relief was improperly granted because the relator had an adequate remedy at law ignores the often stated proposition that the Court of Appeals has discretion to issue the writ of mandamus, although there exists a plain and adequate remedy at law. *State, ex rel. Grant, Exr.,* v. *Kiefaber et al., Montgomery County Planning Commission,* 171 Ohio St. 326. This court will not interfere with exercise of such discretion by that court. *State, ex rel. Wesselman,* v. *Board of Elections of Hamilton County,* 170 Ohio St. 30; *State, ex rel. Killeen Realty Co.,* v. *City of East Cleveland,* 169 Ohio St. 375.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., SMITH, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

SMITH, J., of the Sixth Appellate District, sitting for ZIMMERMAN, J.