FREEDOM TOWNSHIP BOARD OF ZONING APPEALS ET AL., APPELLANTS, *v.* PORTAGE COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, APPELLEE.

(No. 1390—Decided March 26, 1984.)

*Mr. Louis R. Myers,* assistant prosecutor, for appellants.

*Mr. Charles E. Zumkehr,* for appellee.

FORD, J. This is an appeal from a decision of the Portage County Common Pleas Court which ordered the Freedom Township Board of Zoning Appeals to issue to the appellee its requested zoning certificate. The appellants herein are the Freedom Township Board of Zoning Appeals (zoning board) and its individual members. The appellee is the Portage County Board of Mental Retardation and Developmental Disabilities (mental retardation board).

The appellee is the owner of a home located at 10171 Hewins Road in Freedom Township of Portage County, Ohio. The appellee wanted to use the home as a group home for up to nine non-ambulatory mentally retarded adults and applied for a zoning certificate. The appellee's application for a zoning certificate was denied by the township's zoning inspector, who termed the proposed use as "commercial" and therefore not permissible in the residentially zoned area where the home is located.

The appellee appealed to the board of zoning appeals, notifying the zoning inspector and adjoining property owners by certified mail. An additional notice of the hearing was printed in a local newspaper on July 26, 1982, under the name of the zoning board's chairman.

A hearing was held on August 11, 1982. At least twelve area residents and property owners attended the hearing, who were represented by counsel, and who individually voiced their concerns over the home. The evidence showed that the daily activities of the group home's residents would be normal domestic activities; that paid staff members of the board would be present at all times; that the outside appearance of the home would not be changed; and that a new sewage disposal system would be built underground in conformity with Environmental Protection Agency (E.P.A.) standards. On September 8, 1982, the zoning board denied the appellee's request for a zoning certificate.

The mental retardation board then sought review of the zoning board's decision in the Portage County Common Pleas Court. Named as appellees in the mental retardation board's notice of appeal were the zoning board and its individual members. The common pleas court rejected the zoning board's arguments regarding jurisdiction; held the proposed use of the mental retardation board was a permissible use within the township's zoning resolution; and ordered the zoning board to issue a zoning certificate to the mental retardation board.

The appellants present three assignments of error:

"1. The Court of Common Pleas erred in finding the appeal was properly perfected to the Zoning Board of Appeals of Freedom Township.

"2. The Court of Common Pleas was without jurisdiction to entertain the appeal below in that the Freedom Township Board of Zoning Appeals (the only party named below) was not the proper party.

"3. The Court of Common Pleas erred in that the Board of Appeals' decision was constitutional, legal, reasonable, not arbitrary or capricious and is supported by the preponderance of substantial, reliable and probative evidence on the whole record and there was no finding to the contrary."

The appellants' first assignment of error is without merit.

R.C. 519.15 provides that appeals to the board of zoning appeals "shall be taken within twenty days after the decision by filing, with the officer from whom the appeal is taken and with the board of zoning appeals, a notice of appeal specifying the grounds." The statute provides further that the zoning inspector is to transmit to the board of appeals all papers which he relied on in making his decision; and that the board

of zoning appeals shall give written notice to interested parties, set a reasonable date for the hearing and publish notice in a local newspaper. The appellants contend that the mental retardation board did not file a notice of appeal with the board of zoning appeals; and that the trial court should have found the mental retardation board's appeal barred for lack of subject matter jurisdiction. This argument is without merit for several reasons.

First, the evidence in the record does not support the zoning board's contention that a notice of appeal was not filed with it. In the zoning board's letter to the mental retardation board, it states that a notice of appeal had been filed with the zoning board on July 14, 1982.

Second, even if the mental retardation board did not file a separate notice of appeal with the board of zoning appeals, failure to do so was not prejudicial error because all interested parties were notified of the hearing, had ample time to prepare for the hearing, and presented their views at the hearing. Pursuant to R.C. 519.15, the zoning inspector filed all of the papers regarding his decision and the mental retardation board's grounds for appeal with the board of zoning appeals. At that time, the zoning board acquired full knowledge of the substance of the mental retardation board's claim. The requirement in R.C. 519.15 that the zoning board be notified of the appeal at the same time as the zoning inspector exists only to allow the board of zoning appeals to set a timetable for notice and hearing. An error in a proceeding is not reversible error unless it affects the substantial rights of the complaining party. *Harman* v. *Kelley* (1846), 14 Ohio 502; *Baker* v. *Admrs. of Lawrence* (1875), 27 Ohio St. 418. Here, at least two weeks prior to the hearing, the adjoining landowners were notified by certified mail and notice of the hearing was published in a local newspaper. Many citizens attended the hearing and a group of at least twelve residents and property owners was represented by counsel. All present were permitted to present their views and none expressed any dismay in regard to the time they had to prepare for the hearing. Under these circumstances, prejudicial error affecting the substantial rights of the interested parties, arising from a failure of the mental retardation board to file a notice of appeal with the board of zoning appeals, has not been shown to exist. The common pleas court therefore properly disregarded the appellants' assertion of error on this ground.

The appellants' second assignment of error is without merit.

The mental retardation board named the Freedom Township Board of Zoning Appeals as the appellee in the common pleas court. The zoning board, appellant herein, contends that it was not the proper adverse party; that the mental retardation board's notice of appeal was never perfected; and that the mental retardation board's appeal was therefore not timely filed pursuant to R.C. 2505.07(B). Technically, the proper party to name as the appellee would have been the zoning inspector or the township trustees. See *A. DiCillo & Sons, Inc.* v. *Chester Zoning Bd. of App.* (1952), 158 Ohio St. 302, at 305-306 [49 O.O. 135]. However, in *Gold Coast Realty* v. *Bd. of Zoning App.* (1971), 26 Ohio St. 2d 37 [55 O.O.2d 20], the court allowed an appeal to the common pleas court which named the board of zoning appeals as the adverse party. Thus, in the instant case, the mental retardation board's notice of appeal was properly perfected and timely filed in the common pleas court.

The appellants' third assignment of error is without merit.

The Freedom Township Zoning Resolution divides the township into three districts: rural-residential, commercial

and industrial. The home owned by the mental retardation board is located in a district zoned rural-residential. One permitted use of the property in a rural-residential district is defined as a "single family dwelling or residence." Section 201.1 of Article II.

The township zoning inspector denied the mental retardation board's application for a zoning certificate on the grounds that an impermissible "commercial" use was proposed for the property. The board of zoning appeals was empowered to review the decision of the zoning inspector and interpret the provisions of the zoning resolution. *McVey* v. *Reichley* (1957), 105 Ohio App. 319 [6 O.O.2d 105]. Pursuant to this power, the zoning board affirmed the decision of the zoning inspector. It is in this posture that the instant case was presented to the common pleas court. At the common pleas level, the zoning board's decision was affirmable unless it was unreasonable, arbitrary, or unsupported by a preponderance of the reliable, probative and substantial evidence. *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202 [12 O.O.3d 198]. As stated in *Dudukovich*, the key term for the common pleas court is "preponderance," and the common pleas court may reverse if a preponderance of the evidence does not support the decision of the zoning board. *Id.* at 207, applying the designated standards of review.

To distill the issue, the question simply put is whether the proposed use of the mental retardation board is a family use, or whether it is a commercial activity. Since the Freedom Township Zoning Resolution does not define either term, reference must be made to their ordinary meanings. *State, ex. rel. Spiccia,* v. *Abate* (1965), 2 Ohio St. 2d 129 [31 O.O.2d 228]. Ambiguity must be construed against the zoning resolution because it is a police power exercise that constricts property rights. Cf. *Saunders*

v. *Zoning Dept.* (1981), 66 Ohio St. 2d 259 [20 O.O.3d 244]. Thus, unless a preponderance of the evidence clearly supports a finding that the mental retardation board's intended use is commercial, the decision of the common pleas court must be affirmed.

Dictionary definitions of "commerce" indicate that it is primarily an activity conducted with a view toward profit. See Webster's Third New International Dictionary (1971); Black's Law Dictionary (5 Ed. 1979). Indeed, this very concept is incorporated into the Freedom Township Zoning Resolution which provides a rather exhaustive list of establishments which are included as "commercial." See Section 201.3(B) of Article II. In the case *sub judice,* operation of the home would be conducted by a public institution (the mental retardation board) on a non-profit basis. Payments by the mental retardation board to its employees do not create a commercial establishment with a view toward profit. Cf. *Saunders* v. *Zoning Dept., supra,* at 264. Thus, there is no evidence in the record to support a finding that the mental retardation board's group home would be a commerical establishment.

In defining and construing "family," the Supreme Court recently stated that:

"The definitions of 'family,' 'dwelling unit' and 'single-family dwelling' must be carefully studied without encrusting them with the barnacles of one's own notions and prejudices * * *." *Id.* at 265.

Other cases considering this general question have found probative the fact that the residents of the dwelling operate a unit for purposes of cooking, cleaning and otherwise conducting everyday chores. See *Driscoll* v. *Goldberg* (Apr. 9, 1974), Mahoning App. No. 73 C.A. 59, unreported; *Freedom Township Trustees* v. *Community Concern of Toledo* (Nov. 27, 1981), Wood

App. No. WD-81-65, unreported; *Wilson v. Butler Cty. Bd. of Zoning App.* (May 17, 1982), Butler C.P. No. CV 81-05-0432, unreported. Here, the occupants of the group home would function as a unit for purposes of cooking, cleaning and otherwise maintaining the home. Thus, there is reliable, probative evidence of the fact that the home's occupants would function as a family unit.

The evidence described above is the gist of the sparse evidence which was presented at the hearing. Construction of the evidence must be made in favor of the mental retardation board as owner of the property. *Saunders* v. *Zoning Dept., supra.* With some evidence to support a finding that the group home would operate as a family unit, and little or no evidence of commerciality, it cannot be said that the trial court erred in holding that the preponderance of the evidence showed the mental retardation board's proposed use to be that of a single-family dwelling or residence.

For the foregoing reasons, the decision of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and DAHLING, J., concur.