SAMMONS, APPELLANT, *v.*
VILLAGE OF BATAVIA, APPELLEE.

(No. CA87-12-104—Decided
September 26, 1988.)

*Smith & Schnacke* and *Leon L. Wolf,* for appellant.

*Nichols, Speidel & Nichols* and *Thomas H. Flessa,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

Plaintiff-appellant, Janet Sammons, appeals a declaratory judgment and permanent injunction granted to defendant-appellee the village of Batavia, following a bench trial in common pleas court.

On March 14, 1986, appellant purchased real estate at the corner of Spring and Fourth Streets in Batavia, Ohio, with the intention of using the premises for her court reporting service. Appellant's building is located in a neighborhood zoned as an R-1 Residence District under Batavia Codified Ordinances Chapter 1135. Prior to any actual use of the property, appellee served appellant with notice that she was in violation of the village's zoning ordinances. On May 22, 1986, appellant was served with a warrant charging her with violating Batavia Codified Ordinances Sections 1135.01 and 1127.99. Before she purchased the property, appellant, acting on her own without either the benefit of advice from counsel or a reading of the pertinent zoning ordinances, filed a request for a variance to change the location's existing zoning from R-1 Residence District to B-1 Neighborhood Business District.

The village's planning commission conducted a hearing on appellant's application on April 8, 1986. Prior to any decision, however, appellant voluntarily withdrew her application after counsel advised her that her court reporting service qualified as a permitted use within the Residence District. The planning commission nevertheless

made an unfavorable recommendation to the Batavia Village Council, urging that appellant's application be denied.

On May 20, 1986, appellant filed a complaint for declaratory judgment and injunctive relief which sought a construction of Batavia Codified Ordinances Section 1135.01 and a determination that the application of the ordinance to appellant's property was unconstitutional. The village counterclaimed for declaratory judgment and a permanent injunction prohibiting appellant's use of the property for her court reporting service.

The case was tried to the court without a jury. In an opinion dated August 18, 1987, the trial court found that appellant's court reporting service was a business and did not qualify as a permitted use within the R-1 Residence District. The court dismissed appellant's complaint, granted judgment to the village, and permanently enjoined appellant from using the subject property in violation of the zoning ordinances. The immediate appeal followed.

Appellant's assignments of error read as follows:

First Assignment of Error

"The trial court erred in construing § 1135.01 of the Zoning Code as not including the operation of Sammons' court reporting service as a permitted use under subsection (a)(4) thereof."

Second Assignment of Error

"The court erred in failing to declare that § 1135.01(a)(4) of the Zoning Code as interpreted and enforced by Batavia constituted the taking of Sammons' property without due process of law and denied her equal protection of law, in violation of the Ohio and United States Constitutions."

For her first assignment of error, appellant challenges the trial court's construction of the term "service type use" as it appears in Batavia Codified Ordinances Section 1135.01, and claims that the court failed to apply the common and ordinary meaning of that term.

Batavia Codified Ordinances Section 1135.01 defines permitted uses within an R-1 Residence District. The ordinance reads, in part, as follows:

"(a) Only the following uses and those special uses named in this Zoning Ordinance which may be permitted by the Board of Zoning Appeals shall be permitted in the R-1 Residence District:

"(1) Single-family dwellings.

"(2) Churches, schools, colleges and libraries.

"(3) Buildings owned by the Village Township, County, State or Federal Government.

"(4) *Buildings or uses* of recreational, cultural *or service type.*" (Emphasis added.)

The ordinance goes on to include numerous other permitted uses including swimming pools, golf courses, hospitals and cemeteries. The remaining sections of Batavia Codified Ordinances Chapter 1135 deal with requisite width and area requirements for yards and lots within the district.

The record herein reveals that appellant's proposed use of the subject property is for her court reporting service which provides reporting services to both state and federal courts and to the legal community in general. Appellant admitted that the reporting service was her livelihood from which she derived a profit. Appellant was assisted by four other court reporters who provided most of their services outside the subject property either in courtrooms, law offices or in their own homes. The use of the Fourth Street property was limited to the preparation of transcripts and bills and answering the telephone. The property was not used for the sale of goods, products or any other commercial ven-

ture. Appellant testified that the general public had no cause to visit the property and that other than mail delivery, there was little, if any, pedestrian traffic.

Several of the adjacent and neighboring parcels were similarly zoned R-1 and were used and occupied by the following establishments: the Cincinnati Gas and Electric Company, the United States Post Office, the YWCA and an automobile dealership. There is no evidence in the record to indicate that these particular parcels were valid nonconforming uses under the zoning ordinances or that they otherwise failed to constitute a permitted use.

In its opinion, the trial court concluded that:

"The [village] did not exclude explicitly, for profit service uses in its residential category. However, reading the ordinance as a whole, considering the residential use and business use categories in the context of the ordinance, for profit businesses are covered only in the business use category. The general term 'service' should be considered less encompassing in the light of the specific designation of business under the business use category. 'Business' would mean any employment even in a service occupation or vocation. The general term 'service type' must give way to the specific such as the performing of a service for profit as a business."

Appellant claims that this interpretation fails to read the term "service type" in its ordinary meaning and that her court reporting service, although a service for which payment may be received, is nevertheless included as a "service type use" under Batavia Codified Ordinances Section 1135.01.

In support of her position, appellant principally relies upon the case of *State, ex rel. Moore Oil Co.*, v. *Dauben* (1919), 99 Ohio St. 406, 124 N.E. 232,

wherein the Supreme Court held in paragraph one of the syllabus that:

"Statutes or ordinances of a penal nature, or which restrain the exercise of any trade or occupation or the conduct of any lawful business, or which impose restrictions upon the use, management, control or alienation of private property, will be strictly construed and their scope cannot be extended to include limitations not therein clearly prescribed; exemptions from such restrictive provisions are for like reasons liberally construed."

The *Dauben* decision has been repeatedly cited for the proposition that zoning ordinances must be strictly construed and cannot be extended to include limitations not clearly prescribed therein. See, *e.g., Saunders* v. *Clark Cty. Zoning Dept.* (1981), 66 Ohio St. 2d 259, 20 O.O. 3d 244, 421 N.E. 2d 152; *State, ex rel. Spiccia*, v. *Abate* (1965), 2 Ohio St. 2d 129, 31 O.O. 2d 228, 207 N.E. 2d 234, overruled on other grounds in *State, ex rel. Sibarco Corp.*, v. *Berea* (1966), 7 Ohio St. 2d 85, 36 O.O. 2d 75, 218 N.E. 2d 428; and *Van Camp* v. *Riley* (1984), 16 Ohio App. 3d 457, 16 OBR 539, 476 N.E. 2d 1078.

The crux of this assignment is the term "service type use" appearing in the Batavia zoning ordinance. The zoning ordinances do not define "service type use" and, where words are not defined in a zoning ordinance, they are to be construed by considering their common and ordinary meanings. *Freedom Twp. Bd. of Zoning App.* v. *Bd. of Mental Retardation* (1984), 16 Ohio App. 3d 387, 16 OBR 456, 476 N.E. 2d 360; *Abate, supra.* Judge Ziegel, writing for this court in *Van Camp* v. *Riley, supra,* at 460, 16 OBR at 542, 476 N.E. 2d at 1081, noted the following:

"It is well-settled that as zoning regulations deprive the owners of real property of certain uses thereof, and

are in derogation of the common law, they must be strictly construed and not extended by implication."

Thus, in determining a permitted use of property under zoning classifications in which terms and language therein are not otherwise defined, common and ordinary meaning of such terms must be considered and the terms and language should be liberally construed in favor of the permitted use proposed by the property owner so as not to extend the restrictions to any limitation of use not clearly prescribed therein. *Cicerella, Inc.* v. *Jerusalem Twp. Bd. of Zoning Appeals* (1978), 59 Ohio App. 2d 31, 13 O.O. 3d 99, 392 N.E. 2d 574. See, also, *Saunders, supra; Abate, supra.*

Applying these principles to the case at bar, the trial court found that the general term "service type use" must yield to the more specific term of performing a service for profit as a business. Such statutory construction is tantamount to an impermissible extension by implication in violation of *Dauben, supra,* and its progeny which require a permitted use to be liberally construed in favor of permitting the proposed use.

Clearly, appellant's "business" is of the service type as distinguished from an ordinary commercial establishment involving the sale of goods or products. The provision of court reporting services, albeit for a profit, constitutes a service-type use and falls within the scope of Batavia Codified Ordinances Section 1135.01(a)(4). We accordingly conclude that the trial court erroneously interpreted the language in question. For this reason, the first assignment of error is well-taken and is hereby sustained.

In her second assignment of error, appellant claims that the village's interpretation of the zoning ordinance as applied to appellant's property constitutes a taking of her property without due process and is unconstitutional.

Generally, zoning ordinances are an exercise of the police power granted to municipalities by Section 3, Article XVIII, Ohio Constitution. *Garcia* v. *Siffrin Residential Assn.* (1980), 63 Ohio St. 2d 259, 17 O.O. 3d 167, 407 N.E. 2d 1369, certiorari denied (1981), 450 U.S. 911. Thus, zoning is a police power exercise that constricts individual property rights. See *Freedom, supra.* Zoning regulations must bear a reasonable relationship to public health, safety, morals or welfare in order to surmount the constitutional question of the legitimate exercise of the state's police power. *Van Camp* v. *Riley, supra.* If a zoning ordinance's provisions are clearly arbitrary and unreasonable and have no substantial relation to public health, safety or general welfare, the ordinance will be held unconstitutional. *Consolidated Mgmt., Inc.* v. *Cleveland* (1983), 6 Ohio St. 3d 238, 6 OBR 307, 452 N.E. 2d 1287. In addition, zoning ordinances will be declared unconstitutional if they do not contain sufficient criteria to guide administrative agencies in the exercise of discretion granted under the ordinances. *Id.*

Appellant's use of the subject property for her court reporting service does not adversely affect the public health, safety and general welfare of the community. Likewise, the presence of appellant's court reporting service will not disrupt the existing residential character of the neighborhood in question. We also find merit in appellant's second assignment of error and accordingly sustain the same.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further pro-

ceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.