## Kraincic v. Bd. of Zoning Appeals
*[Cite as 2 AOA 620]*

*Case No. 88-L-13-207*
*Lake County, (11th)*
*Decided March 16, 1990*

R.C. 2506.01
R.C. 4301.01
R.C. 4301.18

*Egidijus Marcinkevicius, Esq., 877 East 185th Street, Cleveland, OH 44094.*

*E. W. Mastrangelo, Esq., 35100 Euclid Avenue, Willoughby, OH 44094, For Plaintiffs-Appellees*

*Patrick T. Ryan, Esq., David E. Cruikshank, Esq., 26100 Euclid Avenue, #330 Willoughby, OH 44094, For Defendants-Appellants.*

ECONOMUS, J.,

The essential facts of this case are not in dispute.

Appellees, George and Marion Kraincic, are the owners of approximately ten acres of property in Willoughby Hills, Ohio. Of these ten acres, 1.5 acres were zoned commercial and the remainder were zoned for residential use. This general use zoning has been the same since appellees purchased the property in 1958.

In 1970, the City of Willoughby Hills enacted Willoughby Hills Codified Ordinance Section 1145, which section 1145.01(c) states, in pertinent part, that "no restaurant or lunchroom shall be situated on property which abuts a residential zone or which is less than two acres in area."

Appellees secured a D-5 liquor license for the commercial portion of their real estate in 1986 with the specific intent of operating a nightclub/bar on the premises. R.C. 4303.18, read in conjunction with R.C. 4301.01(14), mandates that a nightclub/bar serve a minimal amount of food to its patrons. Appellees, in order to satisfy this mandate, decided to serve soup and sandwiches, as well as coffee and soft drinks, in addition to alcoholic beverages. In order to serve this food, appellees were required to secure a food service license under R.C. 3732.01.

After acquiring the necessary permits, appellees applied for a zoning certificate so that construction of the nightclub could proceed. However, on September 30, 1986, appellees were informed that they would not be issued a certificate because the proposed use of the property did not comply with Willoughby Hills Codified Ordinance Section 1145.01(c). The appellees appealed the zoning inspector's decision to appellants, the Board of Zoning Appeals of the City of Willoughby Hills (appellants). The board upheld the zoning inspector's decision. Appellees then timely appealed appellants' decision to the Lake County Court of Common Pleas, pursuant to R.C. 2506.

The common pleas court reversed appellants' decision, stating that "the decision of the Board to deny a permit on the grounds Section 1145.01(c) *** applies to a nightclub/bar is arbitrary, unreasonable and unsupported by a preponderance of the substantial, reliable and probative evidence contained in the record." Appellants now timely appeal this ruling and have asserted the following assignments of error:

"1. Appellee (sic) failed to demonstrate that the city was arbitrary or unreasonable in failing to incorporate state liquor permit classifications into the meaning of restaurant when used in a municipal zoning ordinance.

"2. The trial court erred in adopting a technical liquor permit distinction between

restaurant and night club instead of interpreting restaurant in its ordinary usage when applied to a zoning ordinance."

Appellants' arguments, on their face, address different aspects of the trial court's ruling. Examination of these assignments, however, reveals their underlying mutuality, and they will therefore be addressed concurrently.

Appellants' argument, simply put, is that the trial court erred in holding that a nightclub/bar which serves food is not subject to zoning code provisions which were intended to apply to restaurants. Appellants contend that the trial court's distinction between bars and restaurants not only contravenes the plain meaning of the term "restaurant," but also was rendered despite the failure of the appellees to carry their burden of proof in demonstrating the invalidity of the zoning resolution.

As appellants correctly note:

"In an appeal, under R.C. Chapter 2506, from the denial of an application for a variance by a zoning board of appeals, there is a presumption that the board's decision is valid, and the burden of showing invalidity of the board's determination rests on the party contesting that determination." *C. Miller Chevrolet* v. *Willoughby Hills* (1974), 38 Ohio St. 2d 298, second paragraph of the syllabus.

The invalidity of a zoning board's decision is demonstrated by a showing that the decision was unreasonable, arbitrary, capricious or unconstitutional. *Hills, supra,* at 303; see also, *Valley Auto Lease of Chagrin Falls, Inc.* v. *Auburn Twp. Bd. of Zoning Appeals* (1988), 38 Ohio St. 3d 184; *Lesile* v. *Toledo* (1981), 66 Ohio St. 2d 488.

The question of law inherent in appellees' R.C. 2506 appeal was whether a nightclub/bar could be considered a restaurant under Willoughby Hills Codified Ordinance section 1145.01. In an examination of the applicable ordinance, this court is aware that "[s]tatutes or ordinances which impose restrictions upon the use of private property will be strictly construed and their scope cannot be extended to include limitations not clearly proscribed." *Pinnacle Woods Survival Games, Inc.* v. *Hambden Twp. Zoning Inspector* (1986), 33 Ohio App. 3d 139, 140; *State, ex rel. Spiccia,* v. *Abate* (1965), 2 Ohio St. 2d 129. Moreover, "[a]mbiguity must be construed against the zoning resolution because it is a police power exercise that constricts property rights." *Freedom Twp. Bd. of Zoning*

*App.* v. *Bd. of Mental Retardation* (1984), 16 Ohio App. 3d 387, 390.

Appellants' argument for the designation of appellees' proposed use as a restaurant rests on the "plain and simple" meaning of the word "restaurant" in the statute. According to appellants, the word "restaurant," which is admittedly not defined in the statute, denotatively means "a public eating place." *Cf. * Webster's New Collegiate Dictionary (1979) 979. The trial court held, however, that this definition of restaurant is overbroad. Appellees agree, arguing that strict application of this definition would encompass, not only restaurants, but also movie theatres, Seven-Elevens, school houses, picnic grounds, and bowling alleys. However, while an interpretation of "restaurant" in the manner foretold by appellees would scarcely comport with a liberal construction of the zoning ordinance, *Spiccia, supra,* this court cannot foresee any precipitous plunge down the slippery slope of over regulation, based solely on the imposition of a restaurant definition to a nightclub/bar which admittedly serves food to the public.

The trial court, looking to the primary purpose to which a restaurant, as opposed to a nightclub/bar, is used, determined that the primary purpose of a restaurant was the preparation, sale and service of hot meals during the noon and evening hours and that the primary purpose of a nightclub/bar was to serve alcohol and to provide entertainment. The trial court found support for this designation of these primary purposes in R.C. 4301.01(12) and (14). Appellants' assertions to the contrary, the trial court did not mandate the inclusion of these definitions into the Willoughby Hills Zoning Code; rather, the statutory definitions were used merely as precatory guidelines.

After establishing what it felt were the primary purposes for restaurants and for nightclub/bars, the trial court determined that an ordinance which regulated restaurants did not, without further statutory language, regulate nightclub/bars, even if the nightclub/bar incidentally sold food, in addition to serving alcohol. In so doing, the trial court imposed its own notion of what a "restaurant" is and superceded the definition propounded by appellants.

"'The legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regulations, and the judicial judgment is not to be substituted for the

legislative judgment in any case in which the issue or matter is fairly debatable.' *Willot* v. *Beachwood* (1964), 175 Ohio St. 557, 560." *Valley Auto Lease, supra,* at 185.

In this case, this court finds that it is indeed "fairly debatable" whether the definition supplied by the appellants assimilates the appellees' proposed use of their property. As such, we find that it was an abuse of discretion for the trial court to rule in favor of the appellees as it was unreasonable and arbitrary for the trial court to have substituted its judgment for that of the legislature in this instance. *Steiner* v. *Custer* (1940), 137 Ohio St 448; *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217.

Appellants' assignments have merit.

Consequently, the decision of the trial court is reversed and shall be remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MAHONEY, P.J.,
CACIOPPO, J.,
Ninth Appellate District
Sitting by assignment.
concur