OPINION
This is an appeal from an order of the court of common pleas in an administrative appeal brought pursuant to R.C. 2506.02
affirming an order of the Board of Zoning Appeals of the City of Dayton ("Board")., Plaintiff-Appellant, Richard Young, operates a business at 115 Valleycrest Drive, in Dayton. On February 13, 1993, he was granted a certificate of occupancy to use the property as a vehicle storage lot. Subsequently, in 1995, Young was cited for using the property as a motor vehicle wrecking and salvage facility, which is a different form of use under the Dayton Zoning code.
The 1995 citation was sustained by the Board. Young appealed to the court of common pleas pursuant to R.C. 2506.02. That litigation was settled by an agreed entry which provided, pertinent part:
 ". . . the use of the property located at 115 Valleycrest Drive in Dayton, Ohio for the outdoor storage of automobile parts and/or for the dismantling of motor vehicles is/are not legally authorized, and after the passage of thirty (30) days following the signing of this Agreement and Final Entry by the Court, the Appellant shall not use the property for the outdoor storage of automobile parts and/or for the dismantling of motor vehicles without first applying for and obtaining an occupancy certificate authorizing such use."
Young was cited again in 1997 for using his property as a motor vehicle wrecking and salvage facility. The citation was again sustained by the Board, and Young again appealed to the court of common pleas, which sustained the Board's order. Young filed a timely notice of appeal to this court.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY AFFIRMING THE DECISION OF THE BOARD OF ZONING APPEALS FOR THE CITY OF DAYTON FINDING THAT THE APPELLANT VIOLATED THE CITY OF DAYTON ZONING CODE BY STORING INOPERABLE MOTOR VEHICLES ON HIS VEHICLE STORAGE LOT.
The record demonstrates that Young uses his lot to dismantle inoperable vehicles that are stored for that purpose on his lot. Young argues that the activity is permitted by the certificate of use authorizing his use of the property as a "vehicle storage lot," because that use does not prohibit the storage there of inoperable vehicles. Young relies on State ex rel. Spiccia v.Abate (1965), 2 Ohio St.2d 129, which held that ordinances which restrict the use of property cannot be extended to include limitations not therein clearly prescribed.
Zoning involves the regulation of land according to its nature and uses. A "use" is an activity permitted by the zoning classification applicable to the district in which the land is situated. Whether a particular use exists depends on the nature and purpose of the activity involved. That must be determined from the whole of the activity concerned, not merely with reference to one of its constituent parts.
It is abundantly clear from the record that Young stores inoperable motor vehicles on his lot prior to dismantling them and storing their parts there. Storage of inoperable vehicles in this instance is, therefore, merely a constituent part of Young's use of the land to dismantle motor vehicles and store the parts obtained from them. Indeed, because Young has no intention to restore the vehicles to operable condition, they are the functional equivalent of "parts" for these purposes.
 "A point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn into question in any future action between the same parties or their privies, whether the cause in the two actions be identical or different."
Norwood v. McDonald (1943), Syllabus by the Court, paragraph 3. The bar is based on the doctrine of estoppel, not resjudicata. Id.
Young's claim is barred and precluded from use in this litigation because it was passed on and determined against him in the 1995 litigation and order. Therefore, his assignment of error will be overruled and the judgment from which the appeal is taken will be affirmed.
WOLFF, J. and FAIN, J., concur.