DECISION.
In 1999, plaintiffs-appellants, Thomas J. Kenkel and Kathleen A. Kenkel, purchased approximately nine acres of land in western Hamilton County. The property ("the Kenkel property") is located within the Kirkridge Acres subdivision, a residential development with a zoning history dating back to 1962. In 1962, the defendant-appellee, the Hamilton County Board of County Commissioners, approved a Community Unit Plan[1] ("CUP") for the development of the Kirkridge Acres subdivision. The plan provided for single-family lots, a swim club, a business district, and approximately 195 acres of greenspace. The Kenkel property was part of the area originally designated as greenspace. But no development actually occurred pursuant to the original plan, and, in 1968, all the land was conveyed to W.L. Harper Construction Company.
In 1968, the board approved certain modifications to the 1962 CUP. Among the terms and conditions of the board's approval were the creation of the Kirkridge Acres Community Association and the designation of eighty-three acres for community use. The community-use acreage included fifty-two acres of greenspace property and two lake areas, all of which were to be conveyed to the community association. The one actual lake as it exists today was conveyed to the association as greenspace in 1973, and the proposed lake area and its adjacent property were conveyed to the association in 1980. Athough the Kenkel property was part of the greenspace, it was never conveyed to the community association.
In August 1985, in order to create the Deer Run Country Club, developer Michael Macke requested a major modification of the 1968 CUP. His rezoning request included the Kenkel property. In December 1985, the board approved Macke's requested modification by Resolution No. 732. The resolution revised the existing CUP and approved a final development plan. The final development plan included single-family lots and ten estate lots, in addition to a golf course. The plan allowed the ten estate lots to be created on land that had previously been conveyed as greenspace to the community association. While some areas on the final development plan were designated "greenbelt," there was no such designation on the Kenkel property, which was left undescribed without a lot number.
After purchasing the property in 1999, the Kenkels requested an amendment to the 1985 zoning resolution in order to build two single-family homes. In April 2000, the Hamilton County Rural Zoning Commission denied the Kenkels' request, finding that the Kenkel property had been designated greenspace by the zoning resolution. The commission's decision was upheld by the board of county commissioners.
The Kenkels appealed to the court of common pleas, pursuant to R.C. Chapter 2506. The matter was referred to a magistrate who reversed the board's decision. After objections were filed with the common pleas court, the court refused to adopt the decision of the magistrate and affirmed the decision of the board.
The Kenkels assign as error (1) the trial court's determination that the construction of two single-family homes was not consistent with the 1985 zoning resolution; and (2) the trial court's determination that the requested development should be restricted in the interests of health, safety, and general welfare.
In R.C. Chapter 2506 administrative appeals, the courts of common pleas and the courts of appeals have different standards of review. A common pleas court must determine whether an administrative order is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."[2] Pursuant to R.C. 2506.04, the decision of the trial court may be appealed only on questions of law. In reviewing a trial court's judgment on the evidence in an administrative appeal, an appellate court's review is therefore more limited.[3] The appellate court is to determine only if the trial court has abused its discretion.[4] An abuse of discretion "* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency."[5]
In this case, the 1985 final development plan approved by the zoning resolution did not in any way label the Kenkel property. The trial court concluded that a notation in the lower corner of the final development plan incorporated an earlier CUP drawing done in August 1985. The notation on the final development plan provided as follows:
 THIS DRAW'G IS A SUPPLEMENTAL DRAW'G TO BE USED IN CONJUNCTION WITH THE C.U.P. DRAW'G BY NIEMEIER ASSOC. DATED AUG. 1985 OF KIRKRIDGE ACRES COMMUNITY
 The court determined that the notation referred to Exhibit N, a drawing dated August 1985 that labeled the Kenkel property as park area. Accordingly, the court determined that the final development plan incorporated Exhibit N, and that, therefore, the Kenkel property was "properly designated as greenspace, greenbelt, or park area."
We note that the August 1985 CUP drawing designated Exhibit N was labeled "Revision Kirkridge Acres Community" and listed the names and addresses of both the developer and Niemeier Associates. The drawing contained a "Deed of Acceptance," by which the developer was to "adopt and confirm the plan of development as shown hereon for the purposes indicated and agree to comply with all terms, restrictive covenants and conditions included as a part thereof." The drawing further provided for signatures of the developer, witnesses and a notary, but the drawing itself was not signed, witnessed or otherwise authenticated.
Macke's August 1985 rezoning application, which led to the current zoning resolution, contained a metes-and-bounds description of the entire area to be rezoned, which included the Kenkel property. Another exhibit, designated Exhibit R, was an August 1985 drawing of the same area that listed the names and addresses of both Macke and Niemeier Associates. The second drawing, which was labeled "Revision Kirkridge Acres Community Unit Plan 2-68 Green" and bore a surveyor's certification, outlined the area for which Macke proposed the zoning change, which included the Kenkel property.
The record demonstrates that the 1985 zoning resolution called for the construction of homes, and that attached to the resolution was a zoning map indicating that the Kenkel property was zoned "A," a residential designation. From this document, it seems clear that the intent of the resolution was to rezone the Kenkel property as residential. But the board argues that the trial court correctly found that Exhibit N's "park area" designation for the Kenkel property was incorporated by reference into the final development plan. We note, however, that it is not clear from the record whether the final development plan intended to incorporate Exhibit N, as the board argues, or another CUP drawing. Even if the final development plan actually incorporated Exhibit N by reference, that would not explain the zoning map attached to the resolution, which clearly identified the Kenkel property as being zoned residential.
The board recognized the problem with the final development plan's failure to explicitly designate the Kenkel property. At the hearing before the board, one of the commissioners commented, "It seems to me pretty clear that some mistakes or errors may have been made over the last 30 years," but concluded that "[i]n my mind this location has always been intended to remain undeveloped and should stay that way." Another commissioner admitted that the county zoning staff may have made a mistake because it "did not insist upon a greenbelt being marked there."
Because the zoning map attached to the 1985 zoning resolution designated the Kenkel property as being zoned "A," a residential classification, we hold that the trial court abused its discretion in concluding that the board's decision was supported by a preponderance of the evidence. Moreover, even if we were to determine that the zoning map was inconclusive as to the Kenkel property, an ambiguity arises when considering the zoning resolution and the attendant final development plan.
Because zoning resolutions are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled, they are ordinarily strictly construed in favor of the property owner.[6] Ambiguities in zoning resolutions that restrict the use of land must be construed against the restriction because the enforcement of such a provision is an exercise of power that constricts property rights.[7] In this case, where the zoning resolution and the final development plan are ambiguous as to the Kenkel property, we must construe the resolution in favor of the property owner.
Therefore, we sustain both assignments of error, reverse the judgment of the trial court, and remand this case for further proceedings consistent with law and this decision.
Judgment reversed and cause remanded.
Doan, P.J, Hildebrandt and Winkler, JJ.
[1] The designation "Community Unit Plan" has been changed to "Planned Unit Development" in the current Hamilton County Zoning Resolution. See, also, Peachtree Dev. Co. v. Paul (1981), 67 Ohio St.2d 345,423 N.E.2d 1087.
[2] Henley v. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142,147, 735 N.E.2d 433, 438.
[3] See id.
[4] See Henley, supra; Lorain City School Dist. Bd. of Edn v. StateEmp. Relations Bd. (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264,267.
[5] See id., citing State ex rel. Commercial Lovelace Motor Freight,Inc. v. Lancaster (1986), 22 Ohio St.3d 191, 193, 489 N.E.2d 288,290.
[6] See Saunders v. Clark Cty. Zoning Dept. (1981), 66 Ohio St.2d 259,260, 421 N.E.2d 152, 154.
[7] See Freedom Twp. Bd. of Zoning Appeals v. Portage Cty. Bd. ofMental Retardation Developmental Disabilities (1984), 16 Ohio App.3d 387,390, 476 N.E.2d 360, 364.