[Cite as *Nassef v. Union Twp. Bd. of Zoning Appeals*, 2013-Ohio-4130.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|                                                              |     |                          |
| ------------------------------------------------------------ | --- | ------------------------ |
| ASHRAF S. NASSEF, M.D., INC.,                                | :   |                          |
| Appellee,                                                    | :   | CASE NO.  CA2013-05-038  |
|                                                              | :   | O P I N I O N            |
| - vs -                                                       |     | 9/23/2013                |
|                                                              | :   |                          |
| UNION TOWNSHIP, CLERMONT COUNTY, OHIO BOARD OF ZONING APPEALS, | :   |                          |
|                                                              | :   |                          |
| Appellant.                                                   | :   |                          |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012CVF01600

Taft, Stettinius & Hollister, LLP, Nicholas J. Pieczonka, Stephen M. Griffith, Jr., 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957, for appellee

Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, 5300 Socialville-Foster Road, Suite 200, Mason, Ohio 45040, for appellant

**RINGLAND, P.J.**

{¶ 1}  Defendant-appellant, Union Township, Clermont County, Ohio Board of Zoning Appeals, appeals from a decision of the Clermont County Court of Common Pleas reversing a decision of the Union Township, Clermont County, Ohio Board of Zoning Appeals ("BZA") in favor of plaintiff-appellee, Ashraf S. Nassef, M.D., Inc.

{¶ 2} Appellee occupies real property located at 4404 Glen Este-Withamsville Road, Union Township, Clermont County, Ohio. Appellee is licensed to practice medicine in the state of Ohio and has operated a medical practice at the above address since 2006. In 2011, appellee began prescribing patients with opioid dependency a drug called Suboxone. Soon thereafter, a citation was issued to appellee for violating the Union Township Zoning Resolution for operating a "Suboxone Treatment Center" on the property without first obtaining a change in use permit.

{¶ 3} On June 6, 2012, appellee applied for a change in use permit, which was denied by the Planning and Zoning Director of Union Township ("Zoning Director"). The Zoning Director stated that a "Suboxone Treatment Center" is a substance abuse treatment center, which is not specifically listed as an approved function within the B-1 Business District where the property is located. The Union Township Zoning Resolution provides that uses which are not specifically permitted are prohibited, and thus appellee's substance abuse treatment center was not permitted under the zoning classification. Appellee appealed the Zoning Director's decision to the BZA. The BZA held a hearing on August 2, 2012 and issued a "Notice of Final Action" on August 7, 2012 affirming the Zoning Director's decision.

{¶ 4} Appellee then appealed the BZA's determination to the Clermont County Court of Common Pleas, which issued a decision on April 16, 2013. The court of common pleas held that the BZA's decision was arbitrary and not supported by the preponderance of substantial, reliable, and probative evidence. The common pleas court found there was no evidence presented to show that the treatment of patients suffering from opioid dependency does not qualify as medical treatment. Additionally, the common pleas court found that there was evidence presented that opioid dependency is a disease that is "just like any other medical condition." The common pleas court also considered the ordinary definition of "medical." Utilizing *Attorney's Illustrated Medical Dictionary*, the common pleas court found

that medicine is "the science concerned with diagnosing and treating disease and the maintenance of health" together with the "evaluation and treatment of patients with drug use disorders" including "such topics as risk factors for developing substance abuse disorders * * *." *Attorney's Illustrated Medical Dictionary* M15 (1997). Utilizing this definition, the common pleas court found that appellee's clinic falls within the practice of medicine. Consequently, the common pleas court found that the treatment of patients with opioid dependency, including prescribing Suboxone, is within the scope of the Union Township Zoning Resolution allowing medical clinics in the B-1 Business District where appellee's property is located.

{¶ 5} Appellant now appeals the decision of the court of common pleas, asserting one assignment of error for review.

{¶ 6} THE [COMMON PLEAS] COURT ERRED IN VACATING THE DECISION OF THE UNION TOWNSHIP BOARD OF ZONING APPEALS.

{¶ 7} Appellant asserts two issues for review within its assignment of error. Appellant first asserts the common pleas court erred by impermissibly substituting its judgment for the Zoning Director and the BZA. Essentially, appellant argues that the common pleas court erred in finding the BZA's decision arbitrary and unsupported by a preponderance of reliable, probative, and substantial evidence. In its second issue presented for review, appellant argues the common pleas court should have considered the intent of the legislative body in making its determination that operating a substance abuse treatment center fell within the definition of "medical clinic." We disagree.

{¶ 8} "R.C. Chapter 2506 governs the standards applied to appeals of administrative agency decisions." *Hutchinson v. Wayne Twp. Bd. of Zoning Appeals*, 12th Dist. Butler No. CA2012-02-032, 2012-Ohio-4103, ¶ 14, citing *Key-Ads, Inc. v. Bd. of Cty. Commrs.*, 12th Dist. Warren No. CA2007-06-085, 2008-Ohio-1474, ¶ 7. "A common pleas court reviewing an administrative appeal pursuant to R.C. 2506.04 weighs the evidence in the whole record

and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence." *Hutchinson* at ¶ 14, citing *Key-Ads* at ¶ 7. A common pleas court should not substitute its judgment for that of an administrative board, such as the board of zoning appeals, unless the court finds that the board's decision is not supported by a preponderance of reliable, probative, and substantial evidence. *Kisil v. City of Sandusky*, 12 Ohio St.3d 30, 34 (1984).

{¶ 9} "[T]he standard of review imposed upon a common pleas court varies distinctly from the standard of review imposed upon an appellate court." *Bingham v. Wilmington Bd. of Zoning Appeals*, 12th Dist. Clinton No. CA2012-05-012, 2013-Ohio-61, ¶ 7. An appellate court's review of an administrative appeal is more limited in scope than a court of common pleas. *Hutchinson* at ¶ 15, citing *Shamrock Materials, Inc. v. Butler Cty. Bd. of Zoning*, 12th Dist. Butler No. CA2007-07-172, 2008-Ohio-2906, ¶ 10. Unlike the common pleas court, the appellate court "does not weigh the evidence or determine questions of fact." *Hutchinson* at ¶ 15. Rather, "the appellate court must affirm the common pleas court's decision unless it finds, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence." *Id.*, citing *Shamrock* at ¶ 10.

{¶ 10} Under its first issue for review, appellant asserts several specific arguments. Appellant asserts that there was evidence presented to the common pleas court that opioid dependency does not qualify as medical treatment and the fact that "addiction medicine" is defined under the term "medicine" is insufficient to reverse the BZA's decision. Appellant also argues that the BZA's decision was not arbitrary because the members of the BZA fully discussed the meaning of the term "medical" within the Union Township Zoning Resolution. Nevertheless, we find that the common pleas court decision finding that a substance abuse treatment center falls within the definition of "medical clinic" in the Union Township Zoning

Resolution is supported by a preponderance of reliable, probative, and substantial evidence.

{¶ 11} Appellant attempts to assert that because treating opioid dependency with Suboxone is just a treatment and not a cure, which appellee readily admits, such a treatment falls outside of the term "medical." However, treatment without a cure is not unique to opioid dependency as other diseases, such as diabetes, are often only treated or maintained and not actually cured. Appellee testified at the hearing in front of the BZA that: "It's just - - just like any other medical condition. Opioid dependency has a code, it's a disease, and it needs to be treated, and there's medication out there that patients will need to take so they get off that opioid dependency." Appellee also testified that prescribing Suboxone to treat opioid dependency is "definitely" a medical treatment. As a medical doctor, appellee has to observe patients after taking the medication and Suboxone can only be prescribed by a physician. Furthermore, "addiction medicine" is defined under the term "medicine" in the *Attorney's Illustrated Medical Dictionary*.

{¶ 12} Appellant also argues that because the members of the BZA had a discussion regarding the definition of "medical" that the common pleas court erred in finding the BZA's decision arbitrary. The BZA members discussed the term "medical" and seemed to agree that there was no clear definition of the term in the Union Township Zoning Resolution and that such a definition would have been helpful. However, there was a lack of analysis regarding the term. The BZA wanted to "err on that side [of the Zoning Director] and have it done right." Consequently, the finding of the common pleas court that the BZA's decision was arbitrary is also supported by a preponderance of reliable, probative, and substantial evidence.

{¶ 13} Under its second issue for review, appellant asserts that the common pleas court should have considered the intent of the legislative body in making its determination that operating a substance abuse treatment center fell within the definition of "medical clinic."

Appellant contends that "the Union Township Zoning Resolution clearly did not intend the term 'medical clinic' to include substance abuse rehabilitation facilities prescribing Suboxone." Appellant's rationale is that the Union Township Zoning Resolution could not have intended such an inclusion because neither substance abuse treatment centers nor Suboxone were used at the time the resolution was adopted. Even if the common pleas court should have considered the intent of the legislative body, we find appellant's rationale produces absurd results. Following appellant's logic, the legislative body would be forced to revise the zoning code every time a new drug came onto the market or a new treatment was developed that could possibly be prescribed or used in a medical clinic.

{¶ 14} Furthermore, "in determining a permitted use of property under zoning classifications in which terms and language therein are not otherwise defined, common and ordinary meaning of such terms must be considered and the terms and language should be liberally construed in favor of the permitted use proposed by the property owner so as not to extend the restrictions to any limitation of use not clearly prescribed therein." *W. Chester Twp. Bd. of Trustees v. Speedway Superamerica, L.L.C.*, 12th Dist. Butler No. CA2006-05-104, 2007-Ohio-2844, ¶ 24, quoting *Sammons v. Village of Batavia*, 53 Ohio App.3d 87, 90 (12th Dist.1988).

{¶ 15} Section 661 of the Union Township Zoning Resolution permits medical clinics and does not provide a definition. The term "medical" is defined as "relating to medicine." *Attorney's Illustrated Medical Dictionary* M15 (1997). As noted above, the common meaning of "medicine" includes the "evaluation and treatment of patients with drug use disorders" including "such topics as risk factors for developing substance abuse disorders * * *." *Attorney's Illustrated Medical Dictionary* M15 (1997). Consequently, appellee's business falls within the practice of medicine when liberally construing the term. As a result, when considering the zoning resolution itself, the treatment of opioid dependent patients is a

permitted use as a medical clinic under the B-1 Business District classification in the Union Township Zoning Resolution.

{¶ 16} Appellant's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.


PIPER and M. POWELL, JJ., concur.